# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DONALD JAY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:18-cv-02064-TLP-tmp |
| v. | ) | |
| | ) | |
| MYRON L. BATTS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING MOTION TO DISMISS, DENYING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner, Donald Jay Thomas, Bureau of Prisons ("BOP") register number 10132-058, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent filed a Motion to Dismiss on July 23, 2018. (ECF No. 11). Petitioner did not file a response. For the reasons stated below, the Motion to Dismiss is GRANTED, and the § 2241 Petition is DENIED as moot.

## BACKGROUND

When the § 2241 Petition was filed, Petitioner was serving a 360-month federal sentence. (ECF No. 1-1 at PageID 9.) He was subsequently granted a twelve-month placement in a residential re-entry center ("RRC"). (*Id.* at PageID 10.) However, when he attempted to get a nearer release transfer, the RRC placement was taken away, leaving only the projected release date of November 18, 2018. (*Id.*; ECF No. 1 at PageID 5.) Petitioner's case manager asked for the RRC in Charlotte to provide him a bed-space and he was given a six-month placement. (ECF

No. 1-1 at PageID 10.) Petitioner's placement was reduced by two months on January 22, 2018. (*Id.*) Petitioner asserts that lack of bed-space nor renewal of the RRC's contract should be the basis for him to be subjected to only 121 days of RRC time and that the BOP and its officers are intentionally overlooking 18 U.S.C. § 3624(c)(6)(c), thereby violating his due process rights. (*Id.* at PageID 11.) He asserts that the BOP, the RRC in Charlotte, and his unit team are "explicit in violating (sic) Congress's statutes, Code of Federal Regulation Rules and Policy Statement, as it concerns an inmate's release preparation needs." (ECF No. 1 at PageID 4.) Petitioner further argues that it is hard to believe the BOP made an individualized assessment of his release preparation needs and determined that, after serving more than twenty-five years, he should only receive 121 days RRC time. (*Id.* at PageID 14.) As relief, Petitioner seeks that the BOP complies with 18 U.S.C. § 3624(c)(6)(c) and begins making individualized assessments of inmates and their release preparation needs to better their chances of successfully reentering society. (ECF No. 1 at PageID 7.)

## **ANALYSIS**

I.  **Article III Case or Controversy Requirement**

The Court must first determine if it has the authority to adjudicate this case. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v.*

2

*United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Government Procurement*, 365 F.3d at 458.

A habeas petition that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another facility. *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); *see Demis v. Sniezek*, 558 F.3d 508, 512–513 (6th Cir. 2009) (habeas petition for denial of transfer became moot upon transfer and subsequent release from custody). In this case, Petitioner's transitional needs were assessed and he was given an RRC transfer date of August 16, 2018. (*See* ECF No. 11 at PageID 44–45.) The BOP's Inmate Locator reflects that Petitioner was released from BOP custody on November 16, 2018. *See* http://bop.gov/inmateloc/ (las accessed Feb. 5, 2019). Because Petitioner has already been transferred to RRC and released from BOP custody, there is no actual injury to be redressed by this Court. The petition is thus moot.

The Motion to Dismiss is GRANTED and the § 2241 Petition is DENIED as moot. Judgment shall be entered for Respondent.

## II.     Appeal Matters

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*,

40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition."); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process.").

Nevertheless, a habeas petitioner seeking to appeal must either pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because the § 2241 Petition is clearly moot, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED.[1]

## **CONCLUSION**

For these reasons, Defendant's Motion to Dismiss is GRANTED and Petitioner's § 2241 Petition is DENIED AS MOOT. The Court further DENIES Petitioner leave to proceed in forma pauperis on appeal.

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis, along with a supporting affidavit, in the United States Court of Appeals for the Sixth Circuit within 30 days.

4

**SO ORDERED,** this 25th day of February, 2019.

                                                                                s/Thomas L. Parker
                                                         THOMAS L. PARKER
                                                         UNITED STATES DISTRICT JUDGE